1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES,                              Case No.:  13-cr-02724-001-GPC

12                               Plaintiff,
                                              **ORDER DENYING REQUEST FOR**
13   v.                                        **SENTENCING TRANSCRIPT**

14   JOSE ANGEL GRACIANO-SOTO,

15                               Defendant.

16

17          Jose Angel Graciano-Soto, Defendant in Case No. 13-cr-02724-001, filed a Motion

18   to Request a Transcript of his Sentencing Proceedings.  Defendant requests a transcript in

19   order to present a potential Section 2255 or 2241 motion.  Defendant represents that he is

20   an indigent defendant and argues that this entitles him to transcripts of his prior

21   sentencing hearing before this Court.

22          However, there is no constitutional right to a free transcript in aid of a collateral

23   attack on a judgment of conviction. *See U.S. v. MacCollum*, 426 U.S. 317, 322-27 (1976).

24   Thus, neither the court nor the government is required to obtain a transcript of the

25   sentencing hearing and furnish defendant with a copy in order to enable him to file a §

26   2255 motion. Under 28 U.S.C. § 753:

27          Fees for transcripts furnished in proceedings brought under [28 U.S.C. §
            2255] to persons permitted to sue or appeal in forma pauperis shall be paid
28

1

by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). A defendant is generally not entitled to copies of transcripts or other court records at government expense until he actually brings a post-conviction motion. *See U.S. v. Eberhart*, 2016 WL 6157503, at \*2 (N.D. Cal. 2016); *U.S. v. Garcia*, 2010 WL 1027794 at \*2 (E.D. Cal., Mar. 17, 2010); *U.S. v. Soto-Valdez*, 2009 WL 1311954 at \*6 (D. Ariz. 2009); *U.S. v. Lucatero*, 2007 WL 1747077 at \*1 (E.D. Cal., June 18, 2007) ("The vast majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for creating or copying such transcripts or other documents paid by the United States"); *see also U.S. v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) (citation omitted) (indigent prisoner who had not filed a habeas petition, was not entitled to copies of his trial transcript at government expense under 28 U.S.C. 2250 until the filing of such a petition). The request for transcript is premature as defendant has not yet brought his post-conviction motion.

Accordingly, the Court will **DENY** Defendant's Motion without prejudice. If defendant files a post-conviction motion, Defendant may raise this request again pursuant to 28 U.S.C. § 753(f).

**IT IS SO ORDERED.**

Dated: April 30, 2018

Hon. Gonzalo P. Curiel
United States District Judge

13-cr-02724-001-GPC